**46**

## NORTH AMERICAN DIRECTORY CORPORATION

v.

## AMCAN ENTERPRISES, INC.

### Civ. A. No. 90–12078Mc.

United States District Court,
D. Massachusetts.

Oct. 18, 1990.

Larry L. Varn, Sullivan & Worcester, Boston, Mass., for plaintiff.

Bruce G. McNeill, Bradley, Barry & Tarlow, P.C., Boston, Mass., for defendant.

Memorandum and Order Denying Request for Preliminary Injunction

McNAUGHT, District Judge.

The plaintiff in this action, requesting preliminary injunctive relief, offers section 43 of the Lanham Act as the basis for one theory of liability. It is claimed that the defendant has been doing business under the name North American Directories, Inc., that defendant is thereby using plaintiff's corporate and trade name, or one so similar that it has caused and is likely to cause confusion in the future, and to deceive others.

Conceding that we are not involved with a registered trade name, plaintiff argues that nevertheless, since defendant is using plaintiff's identity "as a mask", plaintiff will suffer irreparable injury. Counsel for the movant insisted at the hearing that had the defendant simply checked with the Secretary of State of the Commonwealth of Massachusetts, it would have discovered the corporate name of the plaintiff, refrained from making use of it and thus have avoided the creation of confusion.

Other arrows are fired by plaintiff. "Suspicion is aroused" according to plaintiff, by the fact that defendant uses a Boston address, where the name of the street is misspelled: "Newberry" rather than Newbury.

Plaintiff has submitted affidavits in support of the motion, which contain statements to the effect that the plaintiff was organized in 1985, for the business of printing and binding telephone and other directories. It claims to be doing business in the New England states, and eighteen others.

Defendant was organized as a Massachusetts corporation in 1989, and filed an application to operate as a foreign corporation in Florida. It called itself Amcan Enterprises, doing business as North American Directories, Inc., with its principal office at 99 Summer Street, Boston, Massachusetts. Plaintiff asserts that, in fact, no such office existed. It is claimed that defendant has solicited various businesses in New England to advertise in a forthcoming publication to be called New England Yellow Pages.

One failure of the plaintiff, on this motion, is very troubling. Assuming that the mere use of a form of another's corporate name may give rise to an assumption of injury to the original holder of the name, nothing more specific appears with respect

to the element of "irreparable injury" to the plaintiff.

Secondly, despite the use of similar names, these two companies are apparently involved in different types of business. The defendant actually publishes telephone directories giving white and yellow page listings. There are several hundred such publishers. They exist by reason of advertising, which they solicit and create. They then bid out the printing of the directories. The business that they do is, then, with advertisers.

The plaintiff is a company in the business of printing and binding the directories. The plaintiff, then would have as its customers, firms like the defendant (as distinguished from advertisers who are contacted by defendant).

Defendant concedes that it does not now maintain office facilities in Boston, claiming that there is no need.

In sum, the burden in seeking the injunctive relief rests with the plaintiff, and the burden hasn't been carried. The court is not satisfied that, pending a trial on the merits, irreparable harm will be done to the plaintiff if injunctive relief is now denied. Since their customer bases differ, distinct harm cannot be foreseen, and no specific harm has been pointed to by the plaintiff. There is no proof that plaintiff has lost even one account by reason of the alleged "confusion".

Neither does it appear that defendant has benefitted by any alleged association with the name of the plaintiff. Indeed, since "North American Directories" has appeared on defendant's publications prominently, perhaps the greater harm would be done to defendant if it were forced to discontinue the use of the name now associated with it by its customers.

A section 43(a) Lanham Act claim [15 U.S.C. § 1125(a)] is predicated upon proof of likelihood of confusion to consumers, so that a consumer is deceived as to the identity of the person with whom the consumer is dealing. At least to the present no such likelihood has been demonstrated.

Accordingly, the request for preliminary injunctive relief is denied.